UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WISNER DELICE, <br><br>                    Plaintiff, <br><br> -against- <br><br> RHYMES N DIMES BRANDS, <br><br>                    Defendant. | 20-CV-9352 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. By order dated April 6, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff, who is incarcerated at the Santa Rosa Correctional Institution located in Milton, Florida, alleges that Defendant Rhymes N Dimes Brands (RNDB), a New York company, failed

to mail Plaintiff a magazine he purchased from RNDB. On May 18, 2020, Plaintiff's correctional facility mailed a check to RNDB, in the amount of $37.50, which was cashed later that month. Plaintiff wrote RNDB several times, but RNDB never responded to Plaintiff's letters.

Plaintiff seeks $85,000 in damages for "emotional pain," "false advertisement," "negligence and additional stationary costs." (ECF 2, at 6.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28

U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff brings claims of negligence and false advertising. To state a claim of negligence under New York State law, a plaintiff must state facts suggesting "(1) that the defendant owed the plaintiff a cognizable duty of care, (2) that the defendant breached that duty, and (3) that the plaintiff suffered damages as a proximate result of that breach." *King v. Crossland Sav. Bank*, 111 F.3d 251, 255 (2d Cir. 1997) (citing, *inter alia*, *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)). "A person breaches a duty of care owed to another if the person fails to exercise reasonable care under the circumstances in the discharge of that duty." *Dilworth v. Goldberg*, 914 F. Supp.2d 433, 458–59 (S.D.N.Y. 2012) (citations omitted). Plaintiff fails to state a claim of negligence because Defendant did not owe him a duty of care. Thus, Plaintiff cannot recover damages for this claim.

To state a claim of false advertising, otherwise known as a claim for deceptive practices, under New York General Business Law § 349, a plaintiff must allege facts suggesting that "a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice[.]" *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009) (citation omitted). Damages for false advertising are limited to a maximum of $1,000, *see* N.Y. Gen. Bus. Law § 349(h), and damages for false advertising and fraudulent inducement are limited to actual damages or $10,000, whichever is greater, *see* N.Y. Gen. Bus. Law § 350-e(3). *See Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019). Assuming for the purposes of this order that Plaintiff could state a claim of false adversting and fraudulent inducement, at most, he could recover $10,000, well below the jurisdictional amount of $75,000.

Moreover, even if the Court construes Plaintiff's allegations as asserting a breach-of-contract claim under New York law,[1] Plaintiff still cannot satisfy the jurisdictional amount because "'[d]amages for breach of contract include [only] general (or direct) damages," *Kruglov*, 771 F. App'x at 119 (quoting *Latham Land I, LLC v. TGI Friday's, Inc.*, 96 A.D.3d 1327, 1330-31 (2012) (internal quotation marks omitted)), and a plaintiff cannot "recover for emotional distress caused by a breach of contract," *id.* (citing *Wehringer v. Standard Sec. Life Ins. Co. of N.Y.*, 57 N.Y.2d 757, 759 (1982) ("[A]bsent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty.")). Plaintiff's direct damages, the cost of the subscription, stationery, and postage amount to, at most, $50.00.

Because Plaintiff does not allege that his claims satisfy the jurisdictional amount of $75,000, the Court lacks diversity jurisdiction over his claims. Thus, the Court dismisses the complaint without prejudice for lack of subject matter jurisdiction.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[1] "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 19, 2021
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge